508 So.2d 1170 (1987)
Holly WYNN, A Minor, Who Sues By And Through Her Mother And Next Friend Sue WYNN
v.
BOARD OF EDUCATION OF VESTAVIA HILLS, et al.
85-1148.
Supreme Court of Alabama.
June 5, 1987.
Roger A. Brown, Birmingham, for appellant.
William Anthony Davis III of Starnes & Atchison and Patrick H. Boone of Perdue, Johnson & Boone, Birmingham, for appellees.
STEAGALL, Justice.
Holly Wynn, by and through her mother and next friend, Sue Wynn, filed suit under 42 U.S.C. § 1983 against the Board of Education of Vestavia Hills ("Board"), the City of Vestavia Hills, and three employees of the Board, claiming that the defendants had acted tortiously and violated Holly's civil rights. The complaint alleged that Holly, while a student in defendant Alva Hill's fifth-grade class at West Elementary School, was accused in front of her classmates of stealing money and that she was detained and physically searched without reasonable cause. The trial court granted summary judgment in favor of all defendants, from which Holly appeals. We affirm.
Holly's claims are based on an occurrence in Hill's classroom in January 1981. The class had accumulated nine dollars to be used for a class project. On the day of the incident, this money had been removed from the school vault and was given to a member of the class, who had volunteered to use it to purchase fish for the class aquarium. The money was placed in an envelope and was sealed. The custodial student placed the envelope in a container with her books beneath her desk. Shortly thereafter, the class went outside for physical education, escorted by Hill. Holly and another student, who were excused from physical education, remained in the classroom alone. Both students went to the *1171 restroom, separately, during the time the other students were outside.
When the class returned from physical education, the custodial student discovered that the envelope was torn and that six $1.00 bills were missing. Hill called the principal, who took Holly and the other student who had not attended the physical education class to her office. Both students denied taking the money. Hill had each student in the classroom look through his or her own books, containers, and desks for the money. Several students also searched Hill's desk and other areas of the classroom. When Holly and the other student returned from the principal's office, Hill asked them to search through their containers and books. The money was never found.
In her deposition, Holly testified that Hill told the other students in the class to look in Holly's books and in the books belonging to the other student who had remained in the classroom. Holly also stated that the students looked in her purse and that she and the other student were instructed to come to the front of the class and remove their shoes, and that Hill then felt their socks. According to Holly, none of the other students were required to take off their shoes. Hill, in her deposition, denies calling Holly before the class and requesting her to remove her shoes. Hill also denies that she touched Holly.
The appellant concedes in her brief that her sole contention on appeal is the propriety of the summary judgment in favor of Alva Hill. Appellant contends that an issue of fact is presented by the evidence relating to the method by which the search of Holly was conducted.
Summary judgment is appropriate when there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. Rule 56(c), A.R. Civ.P. We must review the record in a light most favorable to the non-moving party. Wilson v. Brown, 496 So.2d 756 (Ala. 1986). We have reviewed the evidence that was before the trial court, and viewing that evidence in a light most favorable to the appellant, we agree with the determination of the trial court that the search made by Hill did not violate appellant's constitutional rights.
The United States Supreme Court, in New Jersey v. T.L.O., 469 U.S. 325, 105 S.Ct. 733, 83 L.Ed.2d 720 (1985), adopted a reasonableness standard applicable to searches conducted by public school officials:
"We join the majority of courts that have examined this issue in concluding that the accommodation of the privacy interests of schoolchildren with the substantial need of teachers and administrators for freedom to maintain order in the schools does not require strict adherence to the requirement that searches be based on probable cause to believe that the subject of the search has violated or is violating the law. Rather, the legality of a search of a student should depend simply on the reasonableness, under all the circumstances, of the search. Determining the reasonableness of any search involves a twofold inquiry: first, one must consider `whether the ... action was justified at its inception,' Terry v. Ohio, 392 U.S. [1] at 20 [88 S.Ct. 1868, 1879, 20 L.Ed.2d 889]; second, one must determine whether the search as actually conducted `was reasonably related in scope to the circumstances which justified the interference in the first place,' ibid. Under ordinary circumstances, a search of a student by a teacher or other school official will be `justified at its inception' when there are reasonable grounds for suspecting that the search will turn up evidence that the student has violated or is violating either the law or the rules of the school. Such a search will be permissible in its scope when the measures adopted are reasonably related to the objectives of the search and not excessively intrusive in light of the age and sex of the student and the nature of the infraction." (Footnotes omitted.)
469 U.S. at 341-42, 105 S.Ct. at 743-44.
In the present case, Hill, as classroom teacher, had reasonable grounds for suspecting that a search of the two students who had been alone in the classroom would *1172 turn up evidence that one of them had taken the money. There is no evidence that any other student had been in the classroom during the time when the theft could have occurred. Hill's deposition testimony reveals that when the students returned to the classroom from physical education, the child who had been given the sealed envelope containing the money screamed and then ran to the front of the room with the envelope ripped open. According to Hill, the students stopped what they were doing, and "there was just a long pause right at that moment." Given the classroom setting and the concern of the students in Hill's class over the missing money, we conclude that the very limited search that occurred was not excessively intrusive and was reasonably related to the objective of the search.
We hold as a matter of law that Hill's action was justified at its inception and that the search was reasonably related in scope to the circumstances which justified the interference in the first place. The defendants' summary judgment was proper.
The judgment of the trial court is affirmed.
AFFIRMED.
TORBERT, C.J., and MADDOX, JONES, and SHORES, JJ., concur.
BEATTY, J., dissents.
BEATTY, Justice (dissenting).
Because there is a clear dispute in the evidence as to exactly what the plaintiff was required to do, or what was done to the plaintiff in the process of conducting a search of her person, summary judgment is inappropriate in this case.
The majority concludes that, even under plaintiff's version of the facts, summary judgment was proper because it "finds," as a matter of law, that the search was "very limited[,] ... was not excessively intrusive, and was reasonably related to the objective of the search." Even if the majority is correct that a search of Holly's purse, books, and person was justified under the circumstances of this case, it is impossible for me to perceive how this Court could hold, as a matter of law, that making a spectacle of, and the resulting humiliation of, this child in the process was justified and did not amount to tortious conduct.
Holly deposed that it was not her teacher but her classmates, at the instruction of the teacher, who searched her purse and books. She further deposed that she was made to stand, not in a private or secluded area of the room, but rather in front of her classmates and remove her shoes, and that, while she stood there, the teacher felt her socks for the money she was suspected of stealing. These measures cannot be sanctioned by simply excusing them in the interest of maintaining order and enforcing rules. Without question, on these facts, a jury could have easily found that these measures were not "reasonably related to the objectives of the search," and, in fact, were "excessively intrusive in light of the age and sex of the student and nature of the infraction," (viz., a female fifth grader suspected of stealing $6.00). New Jersey v. T.L.O., 469 U.S. 325, 341-42, 105 S.Ct. 733, 743-44, 83 L.Ed.2d 720 (1985).
For these reasons, I would reverse the summary judgment in favor of the defendants.